**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**BENJAMIN WARREN HUDSON, JR., a minor,**
**By and through his parent and next friend,**
**DR. BENJAMIN HUDSON** **PLAINTIFFS**

**ELI JAX PITALO, a minor,**
**By and through his parent and next friend,**
**GEORGE "TRAE" PITALO, III**

**MORGAN SEYMOUR, a minor,**
**By and through his parent and next friend,**
**MICHAEL SEYMOUR**

**V.** **CIVIL ACTION NO:** 1:26cv349 LG-RPM

**DAMARCUS HUGHES a/k/a Boogie Lowdown** **DEFENDANT**

## NOTICE OF REMOVAL

COMES NOW, Damarcus Hughes, by and through her counsel of record, and files this Notice of Removal pursuant to 28 U.S.C. 1446. Mr. Hughes hereby removes to this Court, the state court action described herein, pursuant to 28 U.S.C. 1332, 1441, and 1446.

## INTRODUCTION

On October 6, 2026, Plaintiffs filed a lawsuit in Jackson County Court against Damarcus Hughes. *See* Exhibit A - Complaint. The state court lawsuit is styled *Benjamin Warren Hudson, Jr. et al, v. Damarcus Hughes, Cause No. 30CO1:26-CV-22151-MW*. Plaintiffs allege that Damarcus Hughes is liable for various state law tort claims. Plaintiffs seek an award of actual or compensatory damages which, they allege, will fully and fairly compensate him for the damages and injuries suffered, past, present, and future. Plaintiffs also seek punitive damages pursuant to

Miss. Code Ann. 11-1-65 and allege that all damages sought shall not exceed $200,000.00 in the aggregate, exclusive of costs and interest.

## LEGAL GROUNDS FOR REMOVAL

Mr. Hughes removes this action from State Court to the United States District Court for the Southern District of Mississippi, because complete diversity exists and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. "Any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. 1441. Pursuant to 28 U.S.C. 1332, "the district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states " *See* 28 U.S.C. 1332(a)(1).

### *I. Complete Diversity Exists.*

The Parties are completely diverse because no plaintiff and defendant share a domicile. As alleged in the Complaint, Plaintiffs are all domiciled in Jackson County, Mississippi. *See Exhibit A*.

Mr. Hughes is an adult resident citizen of the State of Louisiana. He has been physically present in Slidell, Louisiana for three and a half years, is an a long-term romantic relationship with another resident of Louisiana, and intends to remain in Louisiana indefinitely. Plaintiffs incorrectly allege that because Mr. Hughes owns real property in Gautier, Mississippi, he is domiciled there. Despite Mr. Hughes' ownership of real property in Mississippi, he changed his domicile over three years ago to Louisiana. "A change in domicile typically requires only the

concurrence of: (1) physical presence at the new location, and (2) intention to remain there indefinitely." *See Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996). Because Mr. Hughes has lived in Slidell, Louisiana for over three years, is in a romantic relationship with another Louisiana resident, and intends to continue his longterm romantic relationship indefinitely, he is a citizen of Louisiana for the purposes of removal jurisdiction.

Complete diversity therefore exists.

***II. Amount in Controversy***

Plaintiffs allege that they intend to seek no more than $200,000.00 in damages, exclusive of interest and costs. But the categories of damages pled therein demonstrate that even though there is no specified amount of damages pled (only a jurisdictional limit for County Court in Mississippi), the amount in controversy for purposes of 28 U.S.C. 1332 is satisfied.

Plaintiffs seek actual or compensatory damages for alleged reputational harm, and mental and emotional distress. To this end, Plaintiffs seek to be fully and fairly compensated for damages and injuries suffered, past, present, and future. In addition to a request for compensatory damages, Plaintiffs seek an unspecified amount of punitive damages. The categories of damages sought and other allegations easily satisfy the amount in controversy requirement. "The amount in controversy is satisfied if the plaintiff has requested unspecified punitive damages, which is independently sufficient to satisfy this Court's jurisdictional limit." *See Swanson v. Hempstead*, 267 F. Supp. 3d 736, 740 (N.D. Miss. July 29, 2017); *citing St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998). Although the right to relief is expressly denied by Mr. Hughes, courts have recognized that "it is undisputed that Mississippi juries routinely award damages for pain and suffering and/or mental or emotional

distress damages in excess of $75,000.00." *See Holmes v. Citifinancial Mortg. Co., Inc.,* 436 F. Supp. 2d 829, 832 (N.D. Miss. 2006).

Because Plaintiffs seek compensatory damages and an unspecified amount of punitive damages, the amount of controversy is satisfied and original jurisdiction attaches.

***III. Removal Is Timely.***

This action was filed on October 6, 2026. A summons was issued by the Circuit Clerk on October 6, 2026, but Plaintiffs failed to successfully serve Mr. Hughes at the Gautier, Mississippi address which they allege as the residence of the Defendant.

Counsel for Mr. Hughes filed a Motion to Dissolve the Ex Parte TRO, entered a Notice of Appearance, and accepted Service of Process on his behalf on November 10, 2026. Accordingly, Mr. Hughes has 30 days from November 10, 2026, to remove this action to this Honorable Court. *See* 28 U.S.C. 1446(b)(1) ("the notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief ").

The instant filing is well within the 30-day deadline.

***IV. Compliance with U. L. Civ. R. 5(b)(1)***

Pursuant to U. L. Civ. R. 5(b)(1), Mr. Hughes files as attachments to this Notice of Removal the entire state court record as follows:

Exhibit A - Complaint and Civil Cover Sheet

Exhibit B - Summons Issued to Damarcus Hughes

Exhibit C - Emergency Motion for Ex Parte Temporary Restraining Order

Exhibit D - Order Granting Motion for Ex Parte TRO

Exhibit E - Order Extending Ex Parte Relief and Order of Continuance

Exhibit F - Motion to Dissolve Ex Parte Temporary Restraining Order

Exhibit G - Memorandum In Support re Motion to Dissolve Ex Parte TRO

Exhibit H - Notice of Hearing

Exhibit I - Subpoena Issued to Damarcus Hughes

Exhibit J - Acknowledgement of Acceptance of Service

Additionally, the Motion to Dissolve the Ex Parte Temporary Restraining Order is a pending motion that Mr. Hughes requests this Court adjudicate.

## CONCLUSION

Mr. Hughes removes the above referenced state court action to federal court and has sufficient legal grounds to do so because (1) complete diversity exists between the Plaintiffs and Defendant, (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (3) the Notice of Removal was filed within 30-days following service of process on Mr. Hughes.

A copy of this Notice of Removal will be contemporaneously filed with the Clerk of the Jackson County Court and served on the Plaintiffs' counsel of record.

Respectfully submitted, this the 13th day of November, 2026.

**DAMARCUS HUGHES**

**BY:** ***/s/ Ray A. Young, Jr.***
Ray A. Young, Jr., Esq.

OF COUNSEL:

Ray A. Young, Jr. (MSB No. 105851)
Breanna F. G. Young (MSB No. 105536)
The Young Law Firm LLC
100 S. Beach Blvd., 2nd Floor
Bay St. Louis, Mississippi 39520
(t) 228-215-2020
(f) 228-215-2072
(e) ryoung@younglawfirmms.com
byoung@younglawfirmms.com

*Counsel to Damarcus Hughes*